IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD CASAGRAND and DYLAN SCHLOSSBERG individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>GANNETT CO., INC., a Delaware corporation, and MARKETING PLUS, INC. a New Jersey corporation,<br><br>*Defendants*. | Case No. |

**CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiff Richard Casagrand and Dylan Schlossberg bring this class action complaint against Defendants Gannett Co., Inc. and Marketing Plus, Inc. to stop Defendants' practice of making unsolicited calls to the telephones of consumers nationwide, and to obtain redress for all persons injured by their conduct. Plaintiffs, for their class action complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

**NATURE OF THE ACTION**

1. Defendant Gannett is a media and marketing company with a portfolio of broadcast, digital, mobile and publishing companies. Gannett's eighty-two daily newspapers, including USA TODAY, reach over 10 million readers nationwide.

2. Marketing Plus is a full service telemarketing company that specializes in newspaper promotion. Marketing Plus is the primary telemarketer for Defendant Gannett and works closely with Gannett to promote its stable of newspaper properties. Specifically,

1

Marketing Plus makes telemarketing calls for at least twenty-one Gannett publications in New York, New Jersey, Maryland, Delaware, Virginia, Vermont, Kentucky and Michigan, including nationally for the USA Today.

3. In an effort to generate subscriptions for Gannett's newspapers, Gannet directed Marketing Plus to make telemarketing calls to thousands of consumers nationwide without prior express consent, and in many cases, in direct contradiction to consumer requests to no longer be called, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

4. The TCPA was enacted to protect consumers from unsolicited and repeated commercial telephone calls exactly like those alleged in this case. Defendants made these calls despite the fact that neither Plaintiff, nor the other members of the putative Classes, ever provided express consent to receive such telemarketing calls.

5. Likewise, Defendants placed telemarketing calls to consumers who had registered their telephone numbers with the National Do Not Call Registry for the specific reason of avoiding telemarketing calls.

6. By making the phone calls at issue in this Complaint, Defendants caused Plaintiff and the other members of the Classes actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited phone calls and the monies paid to their telephone carriers for the receipt of such calls.

7. In response to Defendants' unlawful conduct, Plaintiffs filed the instant lawsuit and now seek an injunction requiring Defendants to cease all unsolicited calling activities and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

**PARTIES**

8. Plaintiff Richard Casagrand is a natural person and citizen of the State of New Jersey.

9. Plaintiff Dylan Schlossberg is a natural person and citizen of the State of New York.

10. Defendant Gannett Co., Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 7950 Jones Branch Drive McLean, Virginia 22107. Gannett does business throughout the United States, the State of New Jersey, and in this District.

11. Defendant Marketing Plus, Inc. is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 135 Green Street, Woodbridge, New Jersey 07095. Marketing Plus does business throughout the United States, the State of New Jersey, and in this District.

**JURISDICTION AND VENUE**

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, which is a federal statute.

13. The Court has personal jurisdiction over Defendants and venue is proper in this District because Defendants transact significant amounts of business within this District and because Defendant Marketing Plus resides in this District.

**COMMON FACTUAL ALLEGATIONS**

14. Defendants made (or had made on their behalf) thousands of telephone calls to Plaintiffs' and the members of the Classes' cellular and landline telephones without consent for

the express purpose of obtaining newspaper subscribers for Gannett's newspaper properties, including, *inter alia*, USA TODAY, Asbury Park Press, Daily Record, The Burlington Free Press, The Courier-Journal, and The News Leader, and The Journal News.

15. Defendants made many of the calls using the outbound phone number (732) 362-0402, among others.

16. The call recipients, like Plaintiffs, include, but may not be limited to, former subscribers of one or more Gannett newspapers; however, their subscriptions were cancelled or expired, and they have chosen to not re-subscribe and no longer do business with Gannett.

17. To regain these lost customers, Defendant Gannett hired Defendant Marketing Plus to repeatedly call Class members' telephones in an attempt to convince them to renew their subscriptions.

18. These calls are placed on a near daily basis, and often multiple times per day. Even worse, when a consumer answers one of the calls and expressly requests to not receive any further calls, Defendants persist—*even after multiple cancellation requests*.

19. Defendants made these calls, or directed them to be made, using an automatic telephone dialing system, often known as a "predicative dialer," to calls numerous telephone numbers simultaneously and without the calls being manually dialed.

20. All the more problematic, many of the call recipients, like Plaintiffs, were registered on the National Do Not Call Registry at the time the calls were made. That is, those consumers had taken the affirmative step to be listed in a national database for the express purpose of not receiving telemarketing calls.

21. Defendants did not abide by the National Do Not Call Registry and did not institute proper internal do-not-call procedures to prevent calls from being made to (1) telephone

4

numbers listed on the National Do Not Call Registry and (2) telephone numbers that were (or should have been) listed on their internal do-not-call list as a result of consumers requesting not to be called.

22. Neither Plaintiffs nor the other members of the putative Classes ever consented to have Defendants make telemarketing calls to them, and certainly not after their business relationship had ended.

### FACTS SPECIFIC TO PLAINTIFF CASAGRAND

23. Plaintiff subscribed to The Asbury Park Press, a Gannett newspaper, in or around early 2012. Plaintiff did not consent to receive telemarketing calls of any kind from Defendants (or Asbury Park Press) as part of his subscription.

24. In or around March 2013, after Plaintiff's subscription had already ended, he started to receive telephone calls on his personal landline from the phone number (732) 362-0402.

25. Plaintiff Casagrand's landline telephone number had been listed on the National Do Not Call Registry since at least 2010. Plaintiff re-registers his number on a regular basis in an attempt to stop unwanted telemarketing calls like those at issue in this case.

26. When Plaintiff Casagrand answered one of these calls, the live operator identified himself as calling regarding Asbury Park Press. However, the call was actually placed by Defendant Marketing Plus at the direction of Defendant Gannett.

27. Between March 2013 and the present, Plaintiff Casagrand has received as many as three calls per day from Defendants. On the limited occasions when he answered the calls, and because he had no interest in re-subscribing to the Asbury Park Press, Plaintiff Casagrand expressly stated that he did not wish to receive further calls from Defendants. Plaintiff Casagrand

made this request over a dozen times.

28. On several occasions, the caller acknowledged Plaintiff's request that the calls stop and informed him that he would be removed from the call list.

29. Yet, after each request to stop, Defendants continued to call.

30. For example, in the face of two requests to stop calling in the forty-five days prior to filing this Complaint, Plaintiff has continued to receive calls as often as *three times per day*, everyday (around 8:30 a.m., 10:30 a.m. and 5:30 p.m.).

31. Plaintiff Casagrand's experience is corroborated by numerous consumer complaints appearing online, which indicate that Defendants placed calls to consumers without permission and on a repeat basis, even in the face of repeated requests to stop.

32. Defendants were and are aware that the above-described telephone calls were being made, and that the telephone calls were being made to consumers who had not consented to receive them, or revoked any purported consent.

## FACTS SPECIFIC TO PLAINTIFF SCHLOSSBERG

33. Plaintiff subscribed to The Journal News, a Gannett newspaper, in or around early 2009. Plaintiff did not consent to receive telemarketing calls of any kind from Defendants (or The Journal News) as part of his subscription.

34. In or around 2011, Plaintiff Schlossberg's subscription to The Journal News ended and Plaintiff Schlossberg chose to not renew it.

35. Starting shortly thereafter, Plaintiff Schlossberg began to receive telemarketing calls on his cellular telephone from the phone number (732) 362-0402. The telemarketing calls, made by Defendant Marketing Plus on behalf of and for the benefit of Defendant Gannett, were for the purpose to persuading Plaintiff to re-subscribe to The Journal News.

36. Defendants have called Plaintiff Schlossberg on a regular basis for over a year, often multiple times per week.

37. Plaintiff Schlossberg has repeatedly, at least ten times, made express request to the telemarketers that he was not interested in renewing his subscription and that the calls cease.

38. After receiving numerous unwanted calls from Defendants, and after numerous requests to the telemarketers that the calls stop, Plaintiff Schlossberg placed a telephone call to Defendant Gannett, via The Journal News, to request that the calls stop.

39. The live operator stated that she could not stop the calls and gave him the telephone number for Defendant Marketing Plus and told him to leave a message requesting that the calls cease. Plaintiff Schlossberg called Defendant Marketing Plus and left a message expressly requesting that Defendants stop calling.

40. However, despite Plaintiff Schlossberg's best efforts, the calls continued unabated.

41. To make matters worse, Plaintiff's cellular telephone has been registered with the National Do Not Call Registry since June 15, 2007.

42. Overall, Defendants placed several dozen calls to Plaintiff Schlossberg that he neither wanted nor consented to. At the time of filing this complaint, the calls continue.

## CLASS ALLEGATIONS

43. Plaintiff Schlossberg brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and two Classes of similarly situated individuals defined as follows:

> **Cell Phone (No Consent) Class**: All individuals in the United States (1) to whom Defendant Gannett or Defendant Marketing Plus made a telephone call; (2) on his or her cellular telephone number; (3) promoting Defendant Gannett's newspaper properties; and (4) who never consented to receive marketing telephone calls from Defendant Gannett (or

7

its newspaper properties) or Defendant Marketing Plus.

**Cell Phone (Revocation) Class**: All individuals in the United States (1) to whom Defendant Gannett or Defendant Marketing Plus made a telephone call; (2) on his or her cellular telephone number; (3) promoting Defendant Gannett's newspaper properties; (4) who expressly requested to no longer receive telephone calls promoting Defendant Gannett's newspaper properties; and (5) thereafter received an additional marketing telephone call from Defendant Gannett or Defendant Marketing Plus promoting Defendant Gannett's newspaper properties.

Plaintiff Casagrand and Plaintiff Schlossberg jointly bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of themselves and two Classes of similarly situated individuals defined as follows:

**Do Not Call (No Consent) Class**: All individuals in the United States (1) who had his or her cellular or landline telephone number(s) registered with the National Do Not Call Registry; (2) who never provided prior express consent to receive telephone calls from Defendant Gannett (or its newspaper properties) or Defendant Marketing Plus; (3) to whom Defendant Gannett or Defendant Marketing Plus made more than one telephone call; (4) promoting Defendant Gannett's newspaper properties; (5) within any 12-month period.

**Do Not Call (Revocation) Class**: All individuals in the United States (1) who had his or her cellular or landline telephone number(s) registered with the National Do Not Call Registry; (2) to whom Defendant Gannett or Defendant Marketing Plus made more than one telephone call; (3) promoting Defendant Gannett's newspaper properties; (4) within any 12-month period; (5) after he or she had expressly requested that Defendant Gannett (or its newspaper properties) or Defendant Marketing Plus stop making calls to him or her; (4) and more than 7 days thereafter; and (5) Defendant Gannett or Defendant Marketing Plus made an additional telephone call to him or her promoting Defendant Gannett's newspaper properties.

The following persons are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families, (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former employees, officers and directors, (3) persons who properly execute and file a timely request for exclusion from the Classes, (4) persons who have had their claims in this matter finally adjudicated and/or otherwise released, (5) the legal

representatives, successors, or assigns of any such excluded persons, and (6) Plaintiff's counsel and Defendants' counsel.

44. **Numerosity**: The exact size of the Classes is unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendants have made telephone calls to thousands of consumers who fall into the definitions of the Classes. Members of the Classes can be identified through Defendants' records.

45. **Typicality**: Plaintiffs' claims are typical of the claims of the other members of the Classes in that Plaintiffs and the members of the Classes sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited telephone calls.

46. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in complex class actions. Plaintiffs have no interest antagonistic to those of the Classes, and Defendants have no defenses unique to Plaintiffs.

47. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiffs and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common and predominant questions for the Classes include, but are not necessarily limited to, the following:

    (a)    whether Defendants' conduct violated the TCPA;

    (b)    whether Defendants made telephone calls to the Cell Phone (No Consent) Class and Cell Phone (Revocation) Class members utilizing an automatic telephone dialing system;

  (c)  whether Defendants systematically made telephone calls to members of the Cell Phone (No Consent) Class and the Do Not Call (No Consent) Class who did not previously provide Defendants with their prior express consent to receive such telephone calls;

  (d)  whether Defendants made telephone calls to members of the Cell Phone (Revocation) Class and the Do Not Call (Revocation) Class more than seven days after they requested to no longer receive telephone calls from them;

  (e)  whether Defendants systematically made telephone calls to members of the Do Not Call (No Consent) Class and the Do Not Call (Revocation) Class whose telephone numbers were registered with the National Do Not Call Registry;

  (e)  whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

  48. **Superiority**: Class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small compared to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendants' misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action

presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## COUNT I

### Violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)
### (On behalf of Plaintiff Schlossberg, the Cell Phone (No Consent) Class, and the Cell Phone (Revocation) Class)

49. Plaintiff Schlossberg incorporates by reference the foregoing allegations as if fully set forth herein.

50. Defendants made, or directed to be made, unsolicited telephone calls to cellular telephone numbers belonging to Plaintiff Schlossberg and other members of the Cell Phone (No Consent) Class without their prior express consent to receive such calls.

51. Defendants also made unsolicited telephone calls to cellular telephone numbers belonging to Plaintiff Schlossberg and other members of the Cell Phone (Revocation) Class more than seven days after they expressly requested to no longer receive telephone calls from Defendants. As such, the calls made to Cell Phone (Revocation) Class members after they revoked any purported consent were made without Plaintiff Schlossberg and the Cell Phone (Revocation) Class members' prior express consent to receive such calls.

52. Defendants made the telephone calls, or directed them to be made, using equipment that had the capacity to store or produce lists of telephone numbers, equipment that has the capacity to generate and store numbers randomly or sequentially, and the capacity to dial such numbers.

53. Defendants utilized equipment that made, or had made on its behalf, the telephone calls to Plaintiff Schlossberg and other members of the Cell Phone (No Consent) Class and Cell Phone (Revocation) Class simultaneously and without human intervention.

11

54.     By making, or having made on its behalf, the unsolicited telephone calls to Plaintiff Schlossberg and the Cell Phone (No Consent) Class members' cellular telephones without their prior express consent, and by utilizing an automatic telephone dialing system to make those calls, Defendants have violated 47 U.S.C. § 227(b)(1)(A)(iii).

55.     By making, or directing to be made, the unsolicited telephone calls to Plaintiff Schlossberg and the Cell Phone (Revocation) Class members' cellular telephones more than seven days after the requests were made to stop such calls (thereby revoking any type of purported consent), and by utilizing an automatic telephone dialing system to make those calls, Defendants have violated 47 U.S.C. § 227(b)(1)(A)(iii).

56.     As a result of Defendants' unlawful conduct, Plaintiff Schlossberg and the members of the Cell Phone (No Consent) Class and the Cell Phone (Revocation) Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

57.     Should the Court determine that Defendants' conduct was willful and knowing, the Court may, pursuant to section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff Schlossberg and the other members of the Cell Phone (No Consent) Class and the Cell Phone (Revocation) Class.

### COUNT II
### Violation of the TCPA, 47 U.S.C. § 227(c)(5)
### (On behalf of Plaintiffs, the Do Not Call (No Consent) Class, and the Do Not Call (Revocation) Class)

58.     Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

59.     47 U.S.C. §227(c) provides that any "person who has received more than one

telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may," bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

60. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "No person or entity shall initiate any telephone solicitation [to]…[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

61. 47 C.F.R. §64.1200 (e) provides that §64.1200 (c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

62. 47 C.F.R. § 64.1200 (d) further provides that "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request….

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

63.     Defendants violated § 64.1200 (c) by initiating telephone solicitations to wireless and residential telephone subscribers, such as Plaintiffs, the Do Not Call (No Consent) Class, and the Do Not Call (Revocation) Class, who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested not to receive calls from Defendants, as set forth in § 64.l200 (d)(3).

64. Defendants made, or directed to be made, more than one unsolicited telephone call to Plaintiffs and the members of the Do Not Call (No Consent) Class within a 12-month period, without their prior express consent to receive such calls. Plaintiffs and members of the Do Not Call (No Consent) Class never provided any form of express consent, at any time, to receive telemarketing calls from Defendants.

65. Plaintiffs and members of the Do Not Call (Revocation) Class expressly requested that Defendants no longer place calls to them, after which Defendants failed to place Plaintiffs and members of the Do Not Call (Revocation) Class on Defendants' internal do-not-call list (or failed to do so within a reasonable time period).

66. More than seven days following Plaintiffs' and the members of the Do Not Call (Revocation) Class's express requests to not receive calls from Defendants, Defendants placed additional calls to them without their consent and in contradiction of their requests not to be called.

67. Defendants violated § 64.1200 (d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiffs, the Do Not Call (No Consent) Class, and the Do Not Call (Revocation) Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

68. Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiffs, the Do Not Call (No Consent) Class, and the Do Not Call (Revocation) Class received more than one telephone call within a 12-month period made by or on behalf of the Defendants in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendants' conduct as alleged herein, Plaintiffs, the Do Not Call (No Consent) Class, and the Do Not Call (Revocation) Class suffered actual

damages, an invasion of their privacy, and, under section 47 U.S.C. § 227(c), are each entitled to, *inter alia*, up to $500 in damages for such violations of § 64.1200.

69. To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call (No Consent) Class and the Do Not Call (Revocation) Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Richard Casagrand and Dylan Schlossberg, individually and on behalf of the Classes, pray for the following relief:

1. An order certifying the Classes as defined above pursuant to Fed. R. Civ. P. 23, appointing Plaintiff Richard Casagrand and Dylan Schlossberg as representatives of the Classes, and appointing their counsel as Class Counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendants to cease all unsolicited calling activities, and otherwise protecting the interests of the Classes;

4. An award of reasonable attorneys' fees and costs; and

5. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiffs request a trial by jury of all claims that can be so tried.

Respectfully submitted,

**RICHARD CASAGRAND and DYLAN SCHLOSSBERG**, individually and on behalf of all others similarly situated,

Dated: January 2, 2014                By:  /s/ Stefan L. Coleman
                                          One of Plaintiff's Attorneys

Jay Edelson*
jedelson@edelson.com
Rafey S. Balabanian*
rbalabanian@edelson.com
Benjamin H. Richman*
brichman@edelson.com
Christopher L. Dore*
cdore@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Stefan L. Coleman (#000382009)
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC
1072 Madison Avenue, Suite 1
Lakewood, New Jersey 08701
Tel: 877.333.9427