IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD CASAGRAND and DYLAN SCHLOSSBERG, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>GANNETT CO., INC., a Delaware corporation, and MARKETING PLUS, INC. a New Jersey corporation,<br><br>*Defendants*. | CASE NO. 2:14-CV-00022-SRC-CLW |

### THE PARTIES' JOINT STATUS REPORT AND STIPULATION OF DISMISSAL WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(ii)

Plaintiffs Richard Casagrand and Dylan Schlossberg ("Plaintiffs"), jointly with Defendants Gannett Co., Inc. ("Gannett") and Marketing Plus, Inc. ("MPI" and collectively, "Defendants"), by and through their undersigned counsel, hereby stipulate and agree that Plaintiffs' claims and those of the putative classes they seek to represent shall be dismissed, *without prejudice*, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). In support of their Stipulation, the Parties state as follows:

WHEREAS, on November 17, 2014, Plaintiffs filed their Amended Class Action Complaint in the United States District Court for the District of New Jersey, asserting claims against Defendants for their alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"), on behalf of a Cell Phone (No Consent) Class and a Do Not Call (No Consent Class) (the "Cell Phone" and "DNC Class," respectively) (Dkt. 27);

WHEREAS, as previously reported to the Court, after participating in two formal

mediation sessions with the Honorable Wayne R. Andersen (ret.) of JAMS, the Parties have reached a proposed settlement in principle of this case on a class-wide basis and have executed a Memorandum of Understanding to that effect. Under the terms of the proposed settlement, Gannett has agreed to establish a $13.8 million non-reversionary cash settlement fund to resolve the claims of Plaintiff Schlossberg and the Cell Phone Class.

WHEREAS, as explained below, as part of the settlement, the Parties have agreed the instant action should be dismissed without prejudice, the case refiled (against Gannett alone and not MPI) in the Circuit Court of Cook County, Illinois, and the settlement effectuated through that Court. Given the nature of the case (i.e., one seeking statutory damages based on Defendants' alleged violations of the TCPA), Plaintiff Schlossberg and Defendant Gannett are concerned that the forthcoming decision of the United States Supreme Court in *Spokeo, Inc. v. Thomas Robins*, No. 13-1339, or other potential Article III issues, may cast a cloud over or divest this Court of subject matter jurisdiction[1] over the instant action before the proposed settlement makes it through the approval process. If that were to occur, the Parties would be required to start the approval process anew in state court after significant notice, administration, and other costs and expenses have already been incurred. Accordingly and to avoid such a result, the Parties have agreed the settlement should be effectuated through the Circuit Court of Cook County, Illinois, where Gannett is registered to do business, the mediation of this case took place and the settlement was ultimately reached, and where Plaintiffs' counsel's nationwide class action practice is headquartered.

WHEREAS, the Circuit Court of Cook County, Illinois has original jurisdiction over the

---

[1] In *Spokeo*, the question confronting the Supreme Court is whether a plaintiff who suffers a violation of his statutory rights but suffers no other concrete (e.g., economic) harm has Article III standing to sue in federal court. See *Spokeo, Inc. v. Robins*, 1235 S.Ct. 1892 (2015).

claims in this case since both state and federal courts have concurrent jurisdiction over claims brought under the TCPA. *See Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740, 745 (2012). Thus, the case can be filed in, and the settlement effectuated through, that court, and there is no risk that the settlement process will be disrupted as it could be in federal court given the current state of the law.

WHEREAS, based on the foregoing, the Parties believe that the safest and most appropriate course is to dismiss the case without prejudice to its re-filing in the Circuit Court of Cook County, Illinois, to immediately re-file the action in that court, and move that court for preliminary approval of the proposed settlement.

WHEREAS, if the Court has any questions regarding the instant Stipulation or the proposed settlement, the Parties will make themselves available to speak at the Court's convenience. Furthermore, should the Court desire, the mediator who oversaw the negotiations, former District Judge Wayne Andersen of JAMS, is also available to speak directly with the Court regarding the instant Stipulation or the settlement more generally.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED that Plaintiffs' claims and those of the putative Classes, as well as the cross-claims between Defendants, shall be and are hereby dismissed, *without prejudice*, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).

IT IS SO STIPULATED.

Respectfully submitted,

RICHARD CASAGRAND and DYLAN SCHLOSSBERG, individually and on behalf of all others similarly situated,

Dated: April 25, 2016

By: /s/ Evelyn J. Repp
One of Plaintiffs' Attorneys

Rafey S. Balabanian

3

rbalabanian@edelson.com
Benjamin H. Richman
brichman@edelson.com
Eve-Lynn J. Rapp
erapp@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Stefan L. Coleman (#000382009)
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC
1072 Madison Avenue, Suite 1
Lakewood, New Jersey 08701
Tel: 877.333.9427

**GANNETT CO. INC,**

Dated: April 25, 2016

By: /s/ Matthew J. Fedor
    One of Defendant's Attorneys

Matthew J. Fedor
matthew.fedor@dbr.com
DRINKER, BIDDLE & REATH, LLP
600 Campus Drive
Florham Park, NJ 07932
Tel: 972.549.7329

**MARKETING PLUS, INC.**

Dated: April 25, 2016

By: /s/ _____
    One of Defendant's Attorneys

Elliot Louis Pell
ELLIOTT LOUIS PELL, P.C.
378 Valley Road
Watchung, New Jersey 07069
elliottpell@elliottpell.com
Tel: 973.520.8933
Fax: 973.301.0094

## CERTIFICATE OF SERVICE

    I, Eve-Lynn J. Rapp, an attorney, hereby certify that on April 25, 2016, I served the above and foregoing *The Parties' Joint Status Report and Stipulation of Dismissal Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii)*, by causing a true and accurate copy of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system, on this the 25th day of April, 2016.

/s/ Eve-Lynn J. Rapp